# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ARGENT MORTGAGE COMPANY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-3058 |
| RUBEN E. DIAZ, *et al.*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This dismissed civil case was brought by Plaintiffs Argent Mortgage Company, LLC, Ameriquest Mortgage Company, and Deutsche Bank National Trust Company (collectively, "Plaintiffs") against Defendant Greg Montelaro ("Montelaro") and others pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Pending before the Court in this case is Montelaro's Motion for Sanctions [Doc. # 25] ("Motion"), to which Plaintiffs have filed a Response [Doc. # 26].[1] Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Montelaro's Motion should be **denied**.

---

[1] The parties have also submitted the following: Montelaro's Reply [Doc. # 27], Plaintiffs' Surresponse [Doc. # 28], Montelaro's Surreply [Doc. # 29], and Plaintiffs' Response to Montelaro's Surreply [Doc. # 30].

**I.     PROCEDURAL BACKGROUND**

Plaintiffs filed this civil RICO lawsuit against Montelaro and others on August 30, 2005. Plaintiffs served Montelaro with process on November 21, 2005, by means of substituted service. On November 22, 2005, Montelaro filed a Motion to Dismiss [Doc. # 16] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 9, 2005, before Montelaro's Motion to Dismiss was set for submission on the Court's motion docket, Plaintiffs filed a Motion to Dismiss [Doc. # 21] all of their claims in this case without prejudice. That same day, the Court granted Plaintiffs' Motion to Dismiss in an Order [Doc. # 22] dismissing this case in its entirety without prejudice. Nearly six months later, on June 6, 2006, Montelaro filed this Motion.

Montelaro seeks unspecified monetary sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 on the grounds that Plaintiffs and Plaintiffs' counsel failed to make adequate pre-suit investigation of the facts, failed to assert a legally viable theory, and filed pleadings in "bad faith for an improper purpose" in this case. Motion, at 4. Montelaro contends the claims Plaintiffs asserted against him had "absolutely no chance of success." *Id.*

## II.    **RULE 11 SANCTIONS**

Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

> (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

FED. R. CIV. P. 11(b).

Sanctions against litigants or their attorneys may be appropriate if, "after notice and a reasonable opportunity to respond, the court determines that subsection (b) has been violated." *Id*. at 11(c).  A violation of any of Rule 11(b)'s provisions justifies sanctions. *Whitehead v. Food Max of Miss., Inc*., 332 F.3d 796, 802 (5th Cir. 2003). A district court has "'broad discretion to impose sanctions that are reasonably tailored to further the objectives of Rule 11.'" *Matter of Dragoo*, 186 F.3d 614, 616 (5th Cir. 1999) (quoting *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 533 (5th Cir.

1992)). However, a court should impose "'the least severe sanction that is adequate to fulfill this purpose.'" *Id.* (quoting *Am. Airlines*, 968 F.2d at 533).

The goal of Rule 11 is to "impose a duty to base claims upon factually and legally supportable grounds and to punish litigants and lawyers who unreasonably pursue frivolous suits." *FDIC v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994). In assessing a litigant's conduct, the Court considers whether the lawyer's certification that he has complied with Rule 11(b) is objectively reasonable under the circumstances and whether the filing was submitted for an improper purpose. *Id.*; *Whitehead*, 332 F.3d at 805. The party moving for sanctions bears the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). A district court's decision whether to impose Rule 11 sanctions is subject to reversal if the Court abuses its discretion. *Whitehead*, 332 F.3d at 802; *Eilliott v. Tilton*, 64 F.3d 213, 215 (5th Cir. 1995).

When pre-filing conduct is in issue, the Fifth Circuit has identified a number of factors that should be considered in determining whether an attorney made a reasonable inquiry into the law or the facts, including: (1) the time available for investigation; (2) the extent to which the attorney relied on his client for factual support; (3) the feasibility of conducting a pre-filing investigation; (4) whether the attorney accepted the case from another attorney; (5) the extent development of the facts underlying the claim requires additional discovery; (6) the complexity of the factual and legal issues

involved; (7) the plausibility of the legal view espoused; and (8) the litigant's *pro se* status. *Thomas v. Cap. Sec. Servs.*, 836 F.2d 866, 875–76 (5th Cir. 1988) (en banc); *see Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1026 (5th Cir. 1994).

Under Rule 11's "safe harbor" provision—added to the Rules as part of a 1993 amendment—two prerequisites must be met before a movant can prevail on a motion for sanctions. First, the offending party must be provided with "notice and a reasonable opportunity to respond" to the allegations. FED. R. CIV. P. 11(c); *see Tompkins*, 202 F.3d at 788. Second, the movant may not file or present the motion to a court unless "within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." FED. R. CIV. P. 11(c)(1)(A); *see Tompkins*, 202 F.3d at 788.

Prior to the 1993 amendments, a motion for sanctions could be granted even if the motion were filed after a final judgment. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Since enactment of those amendments, however, the "safe harbor" provision precludes sanctions after entry of final judgment.[2] *See* FED. R. CIV. P. 11 Advisory Committee Notes (1993 amendments); *Tompkins*, 202 F.3d at 788

---

[2] Justice Scalia criticized this anticipated result at the time the Supreme Court adopted the 1993 amendments: "The proposed revision [adding the "safe harbor" rule] would render [Rule 11] toothless by allowing judges to dispense with sanction, by disfavoring compensation for litigation expenses, and by providing a 21-day 'safe harbor' within which, if the party accused of a frivolous filing withdraws the filing, he is entitled to escape with no sanction at all." AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE, *reprinted in* 146 F.R.D. 401, 507–08 (1993) (Scalia, J., dissenting statement).

(holding that district court's denial of Rule 11 sanctions was proper due to "safe harbor" provision where opposing counsel was served either the day the sanctions motion was filed—or shortly before, but the motion was not filed with the court until after the trial had already concluded; court concluded that nonmovant was denied a reasonable opportunity to correct the offending pleading); *Ridder v. City of Springfield*, 109 F.3d 288, 295–97 (6th Cir. 1997) (holding on the basis of the "safe harbor" provision that magistrate judge abused his discretion by imposing Rule 11 sanctions based on a motion filed after summary judgment had already been granted). Addressing whether a Rule 11 motion is proper when filed after a final judgment has been entered, the Advisory Committee stated that "[g]iven the 'safe harbor' provisions . . . , a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." FED. R. CIV. P. 11 Advisory Committee Notes (1993 amendments); *see also Ridder*, 109 F.3d at 295–97; *Morroni v. Gunderson*, 169 F.R.D. 168, 171 (M.D. Fla. 1996); *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 452 (E.D.N.Y. 1995) (holding that voluntary dismissal of complaint immunizes plaintiff from Rule 11 sanctions motion filed after dismissal).

Although the text of Rule 11 does not explicitly discuss the time for filing a motion for sanctions, ordinarily a motion should be submitted "promptly after the inappropriate paper is filed." FED. R. CIV. P. 11 Advisory Committee Notes (1993

amendments). While the drafters recognized that circumstances may require delaying the motion until the offending party "has had a reasonable opportunity for discovery," unnecessary delay in filing may render the motion "untimely." *See id.*

Montelaro's Motion under Rule 11 is procedurally defective and untimely. Plaintiffs correctly note that Montelaro violated Rule 11's "safe harbor" provision by failing to give Plaintiffs twenty-one days notice as mandated by subsection (c)(1)(A). Montelaro also did not file this Motion until after the case was concluded. Finally, Plaintiffs withdrew the allegedly offending pleading by voluntarily dismissing the case almost six months before Montelaro sought sanctions.[3] Montelaro accordingly unnecessarily delayed seeking relief and these procedural defects are fatal to his Motion. Because Montelaro's Rule 11 Motion is untimely and procedurally defective,[4] the Court need not reach the merits of his Rule 11 arguments.[5]

---

[3] Montelaro apparently concedes these points. In his Reply and Surreply, he does not address these procedural problems.

[4] Montelaro also failed to abide by important Local Rules of this District by neglecting to confer with counsel for Plaintiffs on his contentions concerning the claims against him and his request for sanctions. He also failed to include in his Motion an averment that he had conferred with counsel for Plaintiffs and that they had been unable to agree about the disposition of the Motion. *See* S.D. TEX. R. 7.1(D).

[5] The Court notes that one of Montelaro's primary factual contentions is seriously flawed. He argues repeatedly that he was not and has never been an employee of Premier Vesting, LLC ***because*** he was self-employed at the time. *See, e.g.,* Motion, ¶ 15. This argument is unavailing. The fact that one is self-employed does not preclude simultaneous employment by another. Further, Plaintiffs attached to the Original Complaint various letters, purportedly written by Montelaro, in which he placed the words "Premier Vesting, LLC" beneath his signature line, thereby holding himself out as an employee of Premier Vesting, LLC.

### III. **SECTION 1927 SANCTIONS**

Montelaro also seeks sanctions against Plaintiffs' counsel pursuant to 28 U.S.C. § 1927. That provision states: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 may only be applied to punish attorneys. *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002); *see Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 208 (5th Cir. 1997). The threshold for awarding costs under § 1927 is higher than that applicable to Federal Rule of Civil Procedure 11; § 1927 requires a showing of improper motive on the part of an attorney, independent of a showing that the claims pursued were baseless. *See Calhoun,* 34 F.3d at 1300.

The Fifth Circuit has recognized the potential dampening effect of § 1927 on the legitimate zeal of counsel in representation of his or her client, and therefore, construes the statute in favor of the sanctioned party. *Proctor & Gamble Co.*, 280 F.3d at 526. Further, the Fifth Circuit considers the invocation of § 1927 sanctions as an exception, rather than the rule. *Conner v. Travis County*, 209 F.3d 794, 799 (5th Cir. 2000). For § 1927 to apply, the conduct multiplying the proceedings must be both "unreasonable" and "vexatious." *Proctor & Gamble Co.*, 280 F.3d at 525; *see Edwards v. Gen.*

*Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (internal citation omitted). This standard has been held to require that there be evidence of improper motive, bad faith, or reckless disregard of the duty owed to a court. *Proctor & Gamble Co.*, 280 F.3d at 525; *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001); *Edwards*, 153 F.3d at 246. Persistent prosecution of meritless claims will support sanctions under § 1927, including repeated filings, often in contravention of repeated warnings from a court, or proof of litigious activities. *Proctor & Gamble Co.*, 280 F.3d at 525. The decision whether to impose § 1927 sanctions lies within the discretion of the district court. *Edwards*, 153 F.3d at 246.

Accepting Montelaro's allegations as true,[6] Montelaro fails to satisfy his burden to show that Plaintiffs' counsel either multiplied the proceedings or acted in an unreasonable or vexatious manner with some improper motive. First, there was no persistent prosecution of a meritless claim. Plaintiffs' counsel moved to dismiss this lawsuit on December 9, 2005—less than three weeks after serving Montelaro with process on November 21, 2005.[7] Second, the record does not support a finding that

---

[6] This assumption is contrary to material evidence of record. *See supra* note 5.

[7] Plaintiffs sought as relief the release of several allegedly false mechanic liens. Montelaro complains that "every one of the liens complained of in this action had been released before this suit was ever filed." Motion, ¶ 35. Plaintiffs state that the lien releases were not recorded until October 2005 (after the lawsuit was filed) and that Plaintiffs did not receive actual notice of the lien releases until shortly before they moved to voluntarily dismiss this case on December 9, 2005.

Plaintiffs' counsel filed numerous frivolous documents in this case or ignored any warnings from the Court to refrain from excessive litigious activities. *See Proctor & Gamble Co.*, 280 F.3d at 525. Montelaro complains of one pleading—Plaintiffs' Original Complaint—which Plaintiffs' withdrew shortly after Montelaro filed his Motion to Dismiss. Third, Montelaro has not established any "excess costs, expenses, [or] attorneys' fees reasonably incurred because of" Plaintiffs' counsel's alleged improper conduct. *See* 28 U.S.C. § 1927. Montelaro's request for § 1927 sanctions is thus entirely unwarranted.

## IV.   CONCLUSION AND ORDER

Montelaro has not met his burden to demonstrate that sanctions against Plaintiffs or Plaintiffs' counsel are warranted under either Rule 11 of the Federal Rules of Civil Procedure or 28 U.S.C. § 1927. It is therefore

**ORDERED** that Defendant Greg Montelaro's Motion for Sanctions [Doc. # 25] is **DENIED**.

**SIGNED** at Houston, Texas, this **25th** day of **July, 2006**.

_____
Nancy F. Atlas
United States District Judge